John C. Gorman, #91515
Charles J. Stiegler, #245973
GORMAN & MILLER, P.C.
210 North Fourth Street, Suite 200
San Jose, CA 95112
(408) 297-2222 (phone)
(408) 297-2224 (fax)

Attorneys for Defendant
AUREFLAM CORPORATION

James Dal Bon, #157942
Tomas E. Margain, #193555
DAL BON & MARGAIN, APC
28 NORTH 1ST SUITE 210
SAN JOSE, CA 95113
TEL (408) 297-4729
FAX (408) 297-4728

ATTORNEYS FOR PLAINTIFFS
CONRADO TORRES, MAXIMILIANO
GUERRERO, ROBERTO NARANJO



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRADO TORRES, MAXIMILIANO GUERRERO, ROBERTO NARANJO;<br><br>Plaintiffs,<br><br>v.<br><br>AUREFLAM CORPORATION dba PHO-HOA NOODLE SOUP;<br><br>Defendant. | Case No. C09-00666 JW (PVT)<br><br>JOINT CASE MANAGEMENT STATEMENT; PROPOSED ORDER **ORDER OF REASSIGNMENT IN LIGHT OF THE PARTIES' CONSENT TO APPEAR BEFORE A MAGISTRATE JUDGE** |

    Plaintiffs Conrado Torres, Maximiliano Guerrero, and Roberto Naranjo and defendant Aureflam Corporation ("Aureflam") submit this Joint Case Management Statement and Proposed Order and request that the court adopt it as the Case Management Order in this case.

    This Statement follows a face to face meeting between counsel

held on September 16, 2009.

**DESCRIPTION OF THE CASE**

**1. Jurisdiction and Service**

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as plaintiffs bring claims under the Fair Labor Standards Act, 29 U.S.C. §§ 207, 216(b), and 255(a). Subject matter jurisdiction over plaintiffs' state law claims is claimed pursuant to 28 U.S.C. § 1367. The parties agree that personal jurisdiction and venue are proper within this district.

All named parties have been served.

**2. Facts**

Defendant Aureflam operates Vietnamese-style restaurants under the trade name "Pho Hoa." Plaintiffs are former employees of a Pho Hoa restaurant in Cupertino who allege that they were not paid for all of the hours that they worked, including overtime pay, and that they were denied meal breaks.

Aureflam denies these allegations and contends that plaintiffs were properly paid. Aureflam's Pho Hoa restaurants utilize an electronic time card system. The hours each employee has worked is tracked electronically by ADP, a leading payroll service. At the end of each pay period the time is computed and a paycheck is generated. Aureflam's records reflect that each plaintiff was paid consistent with the number of hours worked and in accord with applicable law.

Plaintiffs' claim that they were not paid for all hours worked and overtime wages based on what they claim are contemporaneous time records used to split tips between the staff.

There will likely be a factual dispute as to which time records

are accurate. It is expected that the parties will want to conduct discovery and investigation concerning the accuracy, reliability, and authenticity of the various time records.

**3. Legal Issues**

The following legal issues are in dispute:

    A. Did Aureflam violate the Fair Labor Standards Act with regard to any of the plaintiffs?

    B. Did Aureflam violate the Cal. Labor Code with respect to any of the plaintiffs?

    C. Has Aureflam engaged in unfair trade acts or practices in violation of Cal. Bus. & Prof. Code § 17200?

    D. If Aureflam has engaged in unfair trade acts or practices under Cal. Bus. & Prof. Code § 17200, are plaintiffs entitled to restitution?

    E. Are plaintiffs entitled to recover their attorneys' fees?

    F. Are plaintiffs entitled to recover statutory damages under the California Labor Code?

**4. Motions**

No motions are presently pending. The parties reserve the right to file such motions as may be warranted, including but not limited to discovery-related motions and motions for summary judgment or partial summary judgment.

**5. Amendment of Pleadings**

Plaintiffs do not anticipate any amendments but may add other responsible parties based on the investigation and formal discovery in this matter.

Aureflam does not currently intend to amend its pleadings.

**6. Evidence Preservation**

The parties attest that they have not discarded, destroyed, or erased any evidence in the case.

**7. Disclosures**

The parties have exchanged Initial Disclosures. Plaintiffs are compiling audits of the time records upon which they rely and will disclose them in a supplemental disclosure.

**8. Discovery**

The parties anticipate serving discovery that consists of interrogatories, requests for admission, depositions, and requests for production of documents and will also take depositions.

The parties do not request any modification or change of the standard discovery limitations set forth in Fed. R. Civ. P. 26.

The parties propose that a fact discovery cutoff be set for February 22, 2010 and that an expert discovery cutoff be set for April 9, 2010.

**9. Class Actions**

This is not a Rule 23 class action suit.

**10. Related Cases**

To the best of the parties knowledge, there are no related cases currently pending.

**11. Relief**

Plaintiffs seek an unspecified amount of allegedly unpaid wages, plus penalties, statutory damages, costs, and attorneys' fees.

It is plaintiffs' position that once they have a complete set of time and pay records they will produce an audit with a specific unpaid overtime wages, liquidated damages under the FLSA, and

penalty amounts. There may be complicated by a factual dispute as to the time records. Plaintiffs are asserting claims for restitution under the Unfair Competition Act but they are not seeking to be awarded duplicative wages. That is they can only recover claims under one of the following: California law, the FLSA, or the Unfair Competition Act and not all three.

Aureflam contends that plaintiffs already have the ostensible "records" upon which they are relying and should have provided a statement of the damages that they are seeking.

### 12. Settlement and ADR

The parties are willing to go to an early Settlement Conference with a Magistrate or participate in mediation through the court's mediation panel program. From plaintiffs' perspective, if there is a fundamental dispute as to the time records in question and whether one or the other is unreliable, it may be beneficial to have an early settlement conference with a magistrate.

### 13. Consent to a Magistrate Judge For All Purposes

The parties are willing to consent to use of a magistrate judge.

### 14. Other References

The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

The parties have not discussed stipulations or any other method for narrowing the issues. However, at a face to face meet and confer session on September 16, 2009, counsel have discussed the factual investigation needed to quantify the dollar amount in the

dispute.

**16. Expedited Schedule**

The parties do not believe that this case is appropriate to be handled on an expedited basis.

**17. Scheduling**

The parties propose the following dates:

- Non-Expert Discovery Cutoff by February 22, 2010
- Designation of Experts by March 16, 2010
- Expert Discovery Cutoff by April 9, 2010
- Dispositive Motions to be heard by May 10, 2010
- Pretrial Conference Date: June 3, 2010
- Trial Date: July 19, 2010
- Trial Length is estimated at 3-4 days.

**18. Trial**

Plaintiffs have requested a jury. Trial is estimated to take approximately four (4) days.

**19. Disclosure of Non-Party Interested Entities or Persons**

The parties are not aware of the existence of any non-party interested entities or persons.

**20. Other Matters**

The parties are not aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

GORMAN & MILLER, P.C.

By: _____/s/_____
JOHN C. GORMAN
Attorneys for Defendant
Aureflam Corporation

DAL BON & MARGAIN, APC


                                              By:_____/s/_____
                                                  Tomas Margain
                                                  Attorneys for Plaintiffs


**\*\*\* ORDER \*\*\***

In light of the parties' consent to assignment to a Magistrate Judge, the Clerk of Court shall reassign this case.

Dated: September 24, 2009                     _____
                                              JAMES WARE
                                              United States District Judge